FILED
2019 Sep-25  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court

### for the

## NORTHERN DISTRICT OF ALABAMA

FILED
2019 SEP 25  P 2: 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

_____

ALLISON BRELAND CROTWELL
_____

*Plaintiff,*

*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

v.

ST. VINCENT'S HEALTH SYTEM AND
ASCENSION HEALTH.
_____

*Defendant(s),*

*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:19-CV-1586-JEO
*(to be filled in by the Clerk's Office)*

JURY TRIAL ☒ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.     The Parties to This Complaint

### A.     The Plaintiff

| | |
|---|---|
| Name | Allison Breland Crotwell |
| Street Address | 2505 Old Oak Lane |
| City and County | Vestavia Hills, Jefferson County |
| State and Zip Code | Alabama 35243 |
| Telephone Number | 205-410-9128 |
| E-mail Address *(if known)* | AllisonBCrotwell@gmail.com |

 **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

Date _Sepember_            Participant Signature _Susan Buland Crotwell_

## Basis for Jurisdiction and Venue

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, as amended ("ADA"), 28 U.S.C. § 1343(a)(4). This Court maintains subject matter jurisdiction under 28 U.S.C. § 1343(a)(4), 1337, 29 U.S.C. §2611 et seq, violations of Title VI, Title VII, Section 504 and Title IX.

2. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

3. Courts have recognized for many years that harassment based on protected categories may give rise to violations of Title VI, Title VII, Section 504, and Title IX.

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | St. Vincent's Health System |
| Job or Title *(if known)* | |
| Street Address | 801 St. Vincent's Drive |
| City and County | Birmingham, Jefferson |
| State and Zip Code | Alabama, 35205 |
| Telephone Number | 205-939-7000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Ascension Health |
| Job or Title *(if known)* | |
| Street Address | 101 South Hadley Road, Suite |
| City and County | St. Louis, St. Louis County |

| | |
|---|---|
| State and Zip Code | Missouri, 63105 |
| Telephone Number | 314-733-8000 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | St. Vincent's Health System |
| Job or Title *(if known)* | |
| Street Address | 801 St. Vincent's Drive |
| City and County | Birmingham, Jefferson |
| State and Zip Code | Alabama, 35205 |
| Telephone Number | 205-939-7000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Ascension Health |
| Job or Title *(if known)* | |
| Street Address | 101 South Hadley Road, Suite |
| City and County | St. Louis, St. Louis County |
| State and Zip Code | Missouri, 63105 |

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

|  |  |
|---|---|
| Telephone Number | 314-733-8000 |
| E-mail Address *(if known)* | |

Defendant No. 3

|  |  |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

|  |  |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**D.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

|  |  |
|---|---|
| Name | St. Vincent's Health System |
| Street Address | 801 St. Vincent's Drive |
| City and County | Birmingham, Jefferson |
| State and Zip Code | Alabama, 35205 |
| Telephone Number | 205-939-7000 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that*

*apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:

      Retaliation as outlined in Section VIII, Title VI

      Relevant state law *(specify, if known)*:

☒     Code of Alabama 25-8-57

☒     Code of Alabama Section 12-16-8.1

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## 1. Statement of Claim

## Violation of the American with Disabilities Right Act

46. I reallege and incorporate by reference paragraphs 1 through 45 as if fully stated herein.

47. I am an individual with a disability as defined under the Americans With Disabilities Act of 1990, as amended.

48. I was discriminated against by the Defendant for my disability under the American With Disabilities Act of 1990, as amended through verbal and written discriminatory remarks.

49. The Defendants terminated me on the basis of my disability through a progressive process used by the Defendant called, Positive Redirection, which was instituted I filed an ethics complaint against my employer for disability discrimination.

50. The actions of Defendants constituted discrimination against me due to my disability.

51. The Defendants purposefully and intentionally discriminated against me by terminating me due to my disability.

52. The actions and inactions of Defendants constituted interference, coercion, and intimidation of me in the exercise and enjoyment of my rights as protected by the ADA, in violation of 42 U.S.C. § 12203(b).

53. The actions and inactions of Defendants violated 42 U.S.C. § 12203(a) and (b).

54. I have and will continue in the future to suffer pecuniary and non- pecuniary losses as a direct result of my violation of 42 U.S.C. § 12203(a) and (b).

## 2. Statement of Claim

### Retaliation

55. I reallege and incorporate by reference paragraphs 1 through 40 as if fully stated herein.

56. The Defendant unlawfully retaliated against me in violation of Title VII.

57. The Defendants actions were intentional, willful, and done in reckless disregard of my legal rights, and therefore, the Defendant acted in bad faith.

58. I suffered damages as a result of the Defendant's unlawful actions.

59. The actions and inactions of Defendants constituted interference, coercion, and intimidation of me in the exercise and enjoyment of my rights as protected by the ADA, in violation of Title VII.

### 3. Statement of Claim

### Failure to accommodate my disability

60. I reallege and incorporate by reference paragraphs 1 through 40 as if fully stated herein.

61. I am an individual with a disability as defined under the Americans With Disabilities Act of 1990, as amended.

62. I was discriminated against by the Defendant for my disability under the American With Disabilities Act of 1990, as amended by the revocation of disability accommodations approved and implemented by the Defendant.

63. I filed for formal disability accommodations on February 7, 2017. The disability accommodations were approved on February 17, 2017 and the Defendant failed to implement approved disability accommodations, a violation of the American With Disabilities Act of 1990.

64. Throughout the time that my disability accommodations were not implemented I was placed through a progressive process used by the Defendant called, Positive Redirection, and was not allowed to exercise the reasonable accommodations that were approved, a violation of the American With Disabilities Act of 1990.

65. On multiple occasions I emailed and verbally followed up with the Defendant requesting the implementation of my disability accommodations. My efforts to work with the Defendant to implement my disability accommodations were in accordance with the American With Disabilities Act of 1990

66. The inactions of the Defendants to purposefully implement my approved disability accommodations, constituted interference, coercion, and intimidation of me in the exercise and enjoyment of my rights as protected by the ADA, in violation of 42 U.S.C. § 12203(b).

67. The failure of Defendants to implement my approved disability accommodations violated 42 U.S.C. § 12203(a) and (b).

68. Due to the Defendants lack of implementing my approved disability accommodations I have and will continue in the future to suffer pecuniary and non- pecuniary losses as a direct result of my violation of 42 U.S.C. § 12203(a) and (b).

Please See Attached:

1. Statement of Claim: Violation of the American with Disabilities Right Act

2. Statement of Claim: Retaliation

3. Statement of Claim: Failure to accommodate my disability

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

  ☐ Failure to hire me

  ☒ Termination of my employment

  ☐ Failure to promote me

  ☒ Failure to accommodate my disability

  ☐ Unequal terms and conditions of my employment

  ☒ Retaliation

  ☐ Other acts *(specify)*: _____

   *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s):

October 18, 2016,
November 23, 2016,
February 6, 2017,
February 7, 2017,
February 8, 2017,
February 9, 2017,
February 20, 2017,
February 23, 2017,
February 28, 2017,
March 2, 2017,
March 6, 2017,
March 24, 2017,
April 7, 2017,
April 20, 2017,

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

> April 21, 2017,
> April 24, 2017,
> April 26, 2017

---

---

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me

☒   is/are not still committing these acts against me

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race _____

☐   color _____

☐   gender/sex _____

☐   religion _____

☐   national origin _____

☐   age *(year of birth)* _____
     *(only when asserting a claim of age discrimination)*

☒   disability or perceived disability *(specify disability)* *Attention Deficit Hyperactivity Disorder as outlined in the DSM V* _____

_____

E.   The facts of my case are as follows. Attach additional pages if needed. _____

| Please See Attached |
|---|

_____

_____

_____

_____

_____

*(Note: As additional support for the facts of your claim, you may attach to this*

## The Facts of My Case

1. I am an individual with a disability as defined under the Americans With Disabilities Act of 1990, as amended.

2. I was hired by the Liz Moore, Vice President of Marketing & Communications on July 16, 2013, in the position of Marketing Manager for St. Vincent's Health System.

3. In or around January of 2015 my responsibilities as a Manager & Communications Manager for St. Vincent's Health System began in to include the managing and monitoring of all digital marketing and communications efforts, which was in addition to my current workload and responsibilities. The new work responsibilities included but were not limited to:

- creating, launching, and monitoring all paid social media including Facebook, Twitter, and Instagram for St. Vincent's Health System, each hospital, and all product service lines;

- search Engine Marketing for St. Vincent's Health System, each hospital, and all product service lines;

- representing St. Vincent's Health System on Ascension Health's national Digital Combinations Value Council - which was comprised of a group of digital marketing specialists from each Ascension Ministry Market who were working to create and implement digital policies, learn best practices and create digital guides for marketing and communications, and running test cases for digital innovations such as geographic wayfinding applications for Ascension Health hospitals.

- working with a third-party agency to organize, manage, and launch an Ascension wide effort to realign Facebook, Twitter, Instagram, and websites with the corporation, resulting in closer management of digital entities by Ascension and expanding the number of people who manage and administrate social media accounts for each ministry.

4. On March 11, 2016, I verbally requested a reasonable accommodation, for my Attention Deficit Hyperactivity Disorder disability from my Supervisor, Liz Moore.

5. On March 24, 2016, Liz Moore approved my Attention Deficit Hyperactivity Disorder disability accommodation via email.

6. On April 12, 2016, Lauren Thomason, who at that time was my peer and also a Marketing & Communications Manager for St. Vincent's Health System went on maternity leave. I was assigned to cover her job responsibilities, in addition to my workload. The responsibilities included the management of St. Vincent Health System's East Hospital, the cardiology service line, a new marketing campaign for the cardiology service line, and other service line marketing initiatives for St. Vincent's East.

7. On or about July 15, 2016, Lauren Thomason returned to work and resumed the work responsibilities I had taken on during her maternity leave.

8. On October 18, 2016, my colleague Lauren Thomason was made Interim Director of the Marketing and Communications Department and subsequently became my manager.

9. On October 18, 2016, I asked Lauren Thomason about my Attention Deficit Hyperactivity Disorder disability accommodation and she stated, "that was worked out between you and Liz

and I don't know the details about the arrangement, we will just have to see what happens, I am new in this role and don't feel like I can commit to anything right now."

10. On November 23, 2016, Lauren Thomason, Director of Marketing & Commutations referred to me as being, "stupid" and asked, if "I was not capable of doing my job, " and that I lacked, "basic entry level skills."

11. On November 23, 2016 I told Lauren I was, "not stupid," and that "I would talk to my psychiatrist about my current ADHD medications."

12. On or about November 28, 2016, I met with my psychiatrist and discussed medications and the details of the November 23, 2016, meeting with Lauren Thomason.

13. On Friday, February 3, 2017, I emailed Lauren Thomason expressing work related concerns including work-life balance, work hours which extended into weekends, nights, holidays, and paid time off. The email also expressed concern about our department's workload, lack of resources, and unreasonable deadlines.

14. On February 6, 2017, Lauren Thomason requested to meet with me after a team meeting. During this meeting Lauren stated that she believed the email was disrespectful and that because, my work was, "subpar at best, I had no right to give her feedback on her management of our department." Mrs. Thomason Lauren went on to say, "you are frustrating to manage because you have a hard time sitting down to focus and plan," and that I instead, "jump into projects." In the email I talked about work-life balance, which angered her, and she asked me, "how can you even talk about work-life balance," because "you work from home three days a week." I reminded her my schedule was a disability accommodation approved by Liz Moore, Vice President of

Marketing & Communications before she became the director. Lauren stated, "I don't understand why you can't just sit down, focus and get your work done at the office." Mrs. Thomason abruptly ended our conversation and stated that she wanted to call a meeting that included Liz, Vice President of Marketing & Communications.

15. On the afternoon of February 6, 2017, Liz Moore, VP of Marketing & Communications requested that I meet with her in the conference room, and Lauren Thomason joined us. Mrs. Moore wanted to discuss my meeting with Lauren that had taken place earlier that day. I stated that I felt uncomfortable and wanted to have a human resource representative present, the request not granted. Mrs. Moore began expressing concern about my, "ability to focus, poor memory, difficulty with attention to details" and stated, "we need to revisit you working from home three days a week." I asked Liz if she planned to revoke my disability accommodation, she stated, "the accommodation was worked out between us and not through human resources" and that she "could revoke them at any time for any reason." During the meeting I expressed concerns regarding Mrs. Thomason's discriminatory remarks, which she initially denied. Prior to the end of the meeting Mrs. Thomason did apologize for calling me, "stupid," Mrs. Moore did not acknowledge or address my concerns about discrimination nor did she recognize the apology Mrs. Thomason had made.

16. On February 6, 2017, I engaged in a protected activity as outlined in Section VIII, Title VI when I acted in accordance with the Ascension Corporate Program by contacting the Values Line, 24 hour a day, seven days a week anonymous ethics reporting line, answered by an outside company called Ethics Point to report Liz Moore, Vice President of Marketing and Communications, Lauren Thomason, Director of Marketing and Communications, and Kristin Costanzo, Human Resources Director for disability discrimination, harassment, fear

of revocation of disability accommodation as approved and implemented by Liz Moore, fear of retaliation and loss of job for filing said ethics complaint. The disability accommodation was informally approved and implemented by Liz Moore, Vice President of Marketing & Communications for St. Vincent's Health System without notification of Human Resources. at the advice of my treating psychiatrist, I subsequently filed a formal Accommodation Request on February 7, 2017, through Ascension Health, the parent company of St. Vincent's Health System.

17. My anonymity was breached when the parties identified in the ethics complaint were notified on or about February 7, 2017 via email and phone calls of my anonymous ethics complaint, which was filed in accordance with the Ascension Corporate Program.

18. On February 8, 2016, 10:11 AM, I received a message received from Ethics Point referring me to Kristin Costanzo, the Human Resources director who was a named party in the anonymous ethics complaint. I filed on February 6, 2017.

19. On February 8, 2017, 2:33 PM after reading the response I contacted Ethics Point to further outline concerns regarding why I filed the ethics complaint anonymously and why I requested the investigation be handled at the Ascension level because an objective investigation was not possible based on who was named in my ethics complaint. in St. Vincent's Health System Ministry. I documented heightened concern about breach of anonymity, retaliation and revocation of disability accommodations, and fear of job loss.

20. On February 9, 2017, 10:36 AM I called Ethics Point to further document the breach of my anonymity and my heightened fear of retaliation and discrimination based on the fact that both

Kristin Costanzo, Liz Moore, and Lauren Thomason who were identified in my ethics complaint were both notified about the filing of my anonymous ethics complaint on or around February 7, 2017 via phone calls and email exchanges.

21. The formal accommodation request filed on the advice of my Psychiatrist through Ascension for My Attention Deficit Hyperactivity Disorder disability was approved in part by Ascension on February 17, 2017.

22. On February 20, 2017, I was called into a meeting with the three individuals named in the complaint. I walked into the room and was issued a coaching agreement which placed me under Positive Redirection and my existing disability accommodation was revoked

23. On February 20, 2017, 10:27 PM I again called Ethics Point and documented that after my anonymity had been breached and all parties were notified of my ethic complaint. I requested that Ethics Point again document the retaliation and discrimination that has occurred since the filing of my ethics complaint on February 6, 2017 and in a meeting that had taken place earlier on February 20, 2017. I reported that during the meeting I had been retaliated against by being placed on Positive Redirection, that my accommodations had been revoked, and that my job was in jeopardy.

24. On February 23, 2017 I filed a grievance against Liz Moore, Vice President of Marketing & Communications and Lauren Thomason, Director of Marketing & Communications with Kristin Costanzo, Director of Human Resources regarding the Coaching Agreement I was issued for being falsely accused and written up for unsubstantiated work errors, discrimination, and retaliation.

25. On February 28, 2017 Ethics Point informs me that my organization conducted an

investigation, all parties were interviewed and that the investigation was closed.

26. On March 2, 2017 I contacted Ethics Point to ask how the investigation was conducted if I was not part of the investigation. I requested that Ethics Point again document the retaliation and discrimination that has occurred since the filing of my ethics complaint on February 6, 2017, including having my accommodations revoked and being placed under positive redirection without notification.

27. On March 6, 2017 Ethics Point closes the case with no investigation information or outcome documented in the Ethics Point casefile.

28. On March 24, 2017 I was called into a meeting and issued a Verbal Agreement by Liz Moore, Vice President of Marketing & Communications and Lauren Thomason, Director of Marketing & Commutations.

29. In response to the March 24, 2017 Verbal Agreement I filed a grievance against Liz Moore, Vice President of Marketing & Communications and Lauren Thomason, Director of Marketing & Commutations to the Director of Human Resources, Kristi Costanzo citing false accusations and write ups for unsubstantiated work errors, retaliation, and discrimination.

30. I sent an accommodation implementation follow-up email to Lauren Thomason on April 7, 2017, as more than 30 days had taken place after the accommodations had been approved by Ascension.

31. On April 20, 2017 I emailed Lauren Thomason requesting follow-up on details and provided resources that can be used to help collaborate and implement accommodations.

32. On April 20, 2017 I was called into a meeting and issued a Written Agreement by Liz Moore, Vice President of Marketing & Communications and Lauren Thomason, Director of Marketing & Commutations.

33. On April 21, 2017, Lauren Thomason emailed to report that accommodation items had been ordered on April 10, 2017.

34. I reported to Lauren Thomason verbally and on April 24, 2017 via email that the software had not been received or installed by our IT department onto my computer.

35. In response to the Written Agreement I filed a grievance on April 24, 2017, with Kristin Costanzo, Director of Human Resources against Liz Moore, Vice President of Marketing & Communications and Lauren Thomason, Director of Marketing & Commutations citing false accusations and write ups for unsubstantiated work errors, retaliation, and discrimination, and requiring me to work while performing jury duty service (Code of Alabama 12-18-8.1).

36. On April 24, 2017, I filed a grievance with Kristin Costanzo, Director of Human Resources against Lauren Thomason for violation of my private health information, harassment, retaliation, discrimination, and lack of disability accommodation implementation.

37. On April 26, Kristin Costanzo, Human Resources Director requested to meet with me at 1:00 PM in order to discuss my grievances, as none of the five I filed had been investigated

or responded to by Mrs. Costanzo to date. upon arrival I saw that Lauren Thomason and Liz Moore were in the meeting room. I was confused and asked why as I was told by Mrs. Costanzo that she and I would be going over my grievances, I was given no answer and instructed to enter the room.

38. I sat down and was immediately told that by Mrs. Costanzo that I deliberately deleted a Facebook post updating the address of St. Vincent's Health System.

39. I informed Mrs. Costanzo that I had updated the business hours of St. Vincent's Health System as indicated by the data and documentation from the Facebook Corporation, which showed that I had not deleted or edited any Facebook post related to the address for St. Vincent's Health System.

40. The Facebook documentation and data, which was included in the Written Grievance I filed against Liz Moore and Lauren Thomason, showed that Liz Moore had made address changes to St. Vincent's Health System Facebook page and that I had updated the business hours if St. Vincent's Health System.

41. Prior to this allegation Liz Moore and Lauren Thomason had falsely accused me of uploading an orthopedic video onto Facebook, an accusation that was disproven on my behalf by Ascension.

42. Mrs. Moore and Mrs. Thomason had also falsely accused me of stopping a Facebook campaign, which again, I able to disprove with the support of documentation provided by Ascension Health, this incident was outlined in the Verbal Agreement Grievance filed against Mrs. Moore and Mrs. Thomason.

43. Because Mrs. Thomason and Mrs. Moore had a history of falsely accusing me of Facebook issues, both of which I had successfully disproven and due to the serious nature of the accusation I requested to take the Facebook Corporation documentation from my folder for her to again review the evidence, and reminded her that it was also included in the Written Agreement Grievance I filed against Liz Moore and Lauren Thomason. Mrs. Costanzo stated that I lied about deleting the Facebook address change post and was not allowed to show the evidence in my defense, despite any prior false Facebook allegations that had been made by Mrs. Moore and Mrs. Thomason. Mrs. Costanzo told me that I had to choose whether or not to resign or be terminated for lying about deleting the Facebook address change post.

44. I stated to Mrs. Costanzo that I did not want to resign from my job as Marketing & Communications Manager for St. Vincent's Health System and that I did not lie about deleting any Facebook address change post.  I again brought up the fact that this allegation was included in my Written Agreement Grievance, which had not been investigated but Mrs. Costanzo cut me off, again stating that it did not matter and that she was praying for me.

45. Mrs. Costanzo then told me to make a decision at that moment, termination or resignation. Again, I stated that I would not resign based on a false allegation that I was not allowed or prove, which was included in a grievance that had not been investigated. I was interrupted and told to stop and make a choice, out of fear, duress, and worry about future employment prospects, I was forced to resign by writing a statement dictated to me by Mrs. Costanzo.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2017-02611 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Allison Crotwell** | **(205) 410-9128** | **1977** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2505 Old Oak Lane, Birmingham, AL 35243** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ASCENSION HEALTH D/B/A ST. VINCENT'S HOSPITAL** | **500 or More** | **(205) 939-7000** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **810 St. Vincent Drive, Birmingham, AL 35205** | RECEIVED | |

| Name | | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|---|
| | OCT – 3 2017 | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | U.S. EEOC | |

DISCRIMINATION BASED ON (Check appropriate box(es).) — Birmingham District Office

DATE(S) DISCRIMINATION TOOK PLACE

| | | Earliest | Latest |
|---|---|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | | 04-26-2017 | 04-26-2017 |
| ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | | | |
| ☐ OTHER (Specify) | | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am an individual with a disability as defined under the Americans With Disabilities Act of 1990, as amended. I was hired by the above-named employer on August 1, 2013, in the position of Marketing Manager. On March 11, 2016, I verbally requested a reasonable accommodation, for my disability from my Supervisor, Liz Moore. On March 24, 2016, my accommodation was approved.

On October 18, 2016, Lauren Thomason was made Interim Director of the Marketing and Communications Department, where I worked. I received my first reprimand on November 23, 2016, from Lauren for leaving a comma out of a Facebook post. During the meeting, Lauren referred to me as being, "stupid" and asked, if "I was not capable of doing my job." She also stated that I lacked, "basic entry level skills." I am not aware of one with my disability being treated in this manner.

On February 6, 2017, due to being discriminated against because of my disability and other incidents that violated my rights as well as HIPPA violations, I filed an ethics complaint against Human Resources Director, Kristin Costanzo, Liz Moore, Vice President of Marketing and Communications, and Lauren Thomason, Director of Marketing and Communications.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Oct 03, 2017**        *Allison Crotwell* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 420-2017-02611 |

and EEOC

*State or local Agency, if any*

On February 20, 2017, in retaliation for filing the ethics complaint, I was called into a meeting with the three individuals named in the complaint. I walked into the room with no knowledge or information about its purpose. I was handed a coaching agreement which placed me under the first step of a progressive termination. My disability accommodation was also immediately revoked.

Subsequent to February 20, 2017, I filed five separate grievances with the employer because of being subjected to terms and conditions of employment not imposed upon my coworkers and disciplinary actions for infractions that I did not commit, or for infractions which my coworkers were not disciplined.

On April 26, 2017, I was called into a meeting with Kristin Costanzo, Lauren Thomason and Liz Moore. I was accused by Kristin, of deleting a Facebook post and lying about it. I denied the accusations and offered proof but it was not considered. I was told that I could either resign my employment or be terminated. I was subsequently forced to resign my employment.

I believe I have been discriminated against because of my disability and in retaliation in violation of the Americans With Disabilities Act of 1990.

RECEIVED

OCT - 3 2017

U.S. EEOC
Birmingham District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Oct 03, 2017**                    *Charging Party Signature*<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| | |
|---|---|
| To: **Allison Crotwell**<br>**2505 Old Oak Lane**<br>**Birmingham, AL 35243** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2017-02611** | **KEVAN J. JACKSON,**<br>**Investigator** | **(205) 212-2128** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**BRADLEY A. ANDERSON,**
**District Director**

**JUN 2 8 2019**

*(Date Mailed)*

Enclosures(s)

cc: **ST VINCENTS HEALTH SYSTEM**
**c/o Tammy L. Baker, Attorney at Law**
**Jackson Lewis P.C.**
**First Commercial Bank Building**
**800 Shades Creek Parkway, Suite 870**
**Birmingham, AL 35209**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22ⁿᵈ Street South, Suite 2000
Birmingham, AL  35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 212-2100
FAX (205) 212-2105
Website: www.eeoc.gov

EEOC Charge No.  420-2017-02611

Allison Crotwell                                              Charging Party
2505 Old Oak Lane
Birmingham, AL  35243

St. Vincent's Health System                                  Respondent
c/o Tammy L. Baker, Attorney at Law
Jackson Lewis, P.C.
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209

## NOTICE

The U.S. Equal Employment Opportunity Commission ("EEOC") erroneously issued a Dismissal and Notice of Rights ("Notice") in the above referenced charge with the incorrect date of mailing.  The date of mailing on the Notice was June 6, **2018** but should have been June 6, **2019**. This letter is notice to you that the EEOC has retracted and rescinded the previously issued Notice due to procedural deficiencies.

Enclosed is a revised Notice dated June 28, 2019.  You must file suit within 90 days of receipt of the Notice enclosed with this correspondence.  The EEOC apologizes for any inconvenience this error may have caused.

If you have any questions regarding this Notice, please contact Enforcement Manager Eless Brown by e-mail at eless.brown@eeoc.gov or by telephone at (205) 212-2019.

On behalf of the Commission:

**JUN 2 8 2019**
Date Mailed

Bradley A. Anderson
District Director

Enclosure

*complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

☐

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*:  The original complaint was filed by the Plaintiff with the OFCCP in July of 2017. The Plaintiff was notified by the OFCCP in August of 2017 that her case was transferred to the EEOC. The Plaintiff subsequently refiled her complaint with the EEOC on October 3, 2017.

B.   _____

C.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter

☒   issued a Notice of Right to Sue letter, which I received on *(date)*: _____
     July 1, 2019

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

D.   Only litigants alleging age discrimination must answer this question:
     Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed

☐   less than 60 days have elapsed

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are

continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Allison Crotwell, prays that that this Court:

(a)      Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the Americans with Disabilities Act, as amended;

(b)      Grant Plaintiff a permanent injunction enjoining Defendants, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating the Americans with Disabilities Act, as amended;

(c)      Grant Plaintiff an order requiring the Defendants to make her whole by paying the Plaintiff any and all lost wages, benefits, compensation, and monetary loss suffered as a result of the Defendant's unlawful actions;

(d)      Order Defendant to pay the Plaintiff compensatory and punitive damages (including damages for mental anguish), interest, legal fees, expenses, costs;

(e)      Grant such further, other and different relief, including equitable as this Court may deem just and proper.

Allison Breland Crotwell      September 25, 2019

Page **9** of **9**